UNITED STATES DISCTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TARIQ ECHOLS | : | CIVIL ACTION NO.: |
| v. | : | **COMPLAINT** |
| UNITED STATES OF AMERICA, OFFICER ANTHONY PICCINNO, ESSEX COUNTY SHERIFF'S OFFICE SGT. CHRISTOHER BOZIOS DET. SERGIO TAVERES, JOHN DOES 1-10, JANE DOES 1-10 | : | |

Plaintiff, Tariq Echols, by and through his undersigned counsel, by way of Complaint against the Defendants herein says:

STATEMENT OF FACTS

1. On January 16, 2020, Plaintiff was improperly arrested based on false statements made by Officer Anthony Piccinno and/or other Government Officials/Officers.

2. The Officers that arrested Plaintiff were from the Essex County Sheriff's Office working with a Federal Task Force. After Plaintiff's improper arrest, he was prosecuted in Federal Court until the charges were ultimately dismissed.

3. Some time prior to this incident, there was an alleged confidential informant who reported that Plaintiff's vehicle was associated with drug crimes and used by "several black males". The informant did not give and specifics or any information about the Plaintiff. This informant did not say that a transaction, exchange, or anything of that nature would take place.

4. On the date of arrest, Plaintiff was followed by an unmarked vehicle after

leaving Ambassadors Fried Chicken in Newark, New Jersey.

5. While at Ambassadors Fried Chicken, and preparing to leave with a passenger, Plaintiff entered his trunk to make sure the taillight was properly functioning, because the vehicle was old and often problematic. Plaintiff opened the trunk using the key. He then closed his trunk after searching for a bulb and placed the key back in his front sweater pocket.

6. There is video of this incident and as is apparent, the video of the shows nothing more than Plaintiff's hands in the trunk. He then placed his car keys in his sweater pocket and proceeded to enter the vehicle. He proceeded to exit the parking lot. He then made a right hand turn out of the parking lot and proceeded onto the road, where he was then followed by an unmarked vehicle.

7. Plaintiff dropped off his passenger at the hotel that she was staying at. He was then pulled over a few moments later. During this time, he was being followed from the moment Plaintiff left Ambassadors Fried Chicken until the motor vehicle stop was conducted. He was not stopped or otherwise pulled over until he was alone, after his passenger was dropped off.

8. Without any sufficient reason, or a statement as to why Plaintiff was pulled over, the police officers drew their guns on him and surrounded the car as they demanded that Plaintiff exit the vehicle.

9. Plaintiff did not possess any drugs when the police illegally searched his person via conducting a pat down after stopping Plaintiff without reason. The vehicle should not have been searched since the search of Plaintiff's person revealed nothing as he was forced to consent when the police placed him in the back of a police cruiser after the search that revealed nothing. While guns were drawn, and in fear for his immediate safety, Plaintiff was forced involuntarily sign a

consent form.

10. Once Plaintiff exited the vehicle, he was searched, placed in handcuffs, and put into the back of a police cruiser. He was extremely afraid for his well-being, as the officers were not far away from him with drawn weapons and were banging on Plaintiff's car. The officers questioned Plaintiff about an 'outstanding warrant', but he promptly showed them Court documents showing that he had an upcoming hearing date. Plaintiff was never presented with the warrant, and the officers saw the paperwork for themselves prior to forcing his consent to search.

11. The Officers asked Plaintiff about drugs in the car, and Plaintiff responded, "what are you talking about?".

12. After this, and while Plaintiff was still surrounded by police who continued with weapons drawn, he was placed in the back of the cruiser and asked if the trunk can be searched. Plaintiff was afraid for his safety based on the unprofessional and threatening behavior, and he was forced to sign a consent form. This was beyond his free will as he was already in custody of the police and was clearly not allowed to leave since he was inside the police cruiser in handcuffs.

13. The officer proceeded to remove Plaintiff's car keys from the center console of the vehicle and used them to open and unlawfully search the trunk of the vehicle. The officer who did so could not open the trunk with the remote, so he entered the driver seat, started the car, and could still not access the trunk. Another officer said his "wife has the same car" and directed the officer to turn the car off and use the latch/button which is inside the car near the driver side door to open the trunk.

14. Plaintiff respectfully pled that the officers had no probable cause to search his

trunk. A search of his person revealed nothing. A search of his vehicle revealed nothing. A search of the trunk was unwarranted, unlawful, and otherwise unfounded and lacked probable cause.

15. The police officers did not have any reasonable suspicion, especially since a search of Plaintiff's person revealed nothing. It did not reveal contraband in Plaintff's front sweater pocket as the reports indicate the officers had allegedly seen. Throughout the unlawful search and seizure, Plaintiff was referred to by the officers as 'big-reek', but Plaintiff is not called by that name, and this was solely to intimidate him and confuse him.

16. Plaintiff was already arrested when the search happened, and he did not give any permission to any law enforcement officer or agency to search his vehicle prior to his arrest. Plaintiff could not have voluntarily allowed the police to search him or any part of the vehicle while guns were drawn, as he was surrounded, or while he was being placed under arrest surrounded by several officers and a search of his person that revealed nothing. He was afraid and did not think he had a choice. Plaintiff did not know that he could say no.

17. A close look the video from a camera that is only approximately twelve (12) feet away from the vehicle, shows that at approximately 19:16:00 Plaintiff pulled into the parking lot of Ambassador Fried Chicken. The video further shows that at 19:21:34, Plaintiff left Ambassador Fried Chicken. The agents pulled into a parking lot, approximately 75 yards away and across the street, at 19:02:07. The officers followed Plaintiff's vehicle at 19:21:43.

18. There is no possible way any officer or any person saw the inside of Plaintiff's trunk as he was reversed into the parking spot facing Ambassador Fried Chicken, and there was no street view of the trunk. Anyone who alleges they

saw any item inside the trunk could not have been that far away, because of where and how the vehicle was parked. The officer said:

> "This Detective had a clear unobstructed view of the area. At approximately 1915 this Detective observed a blue Nissan Altima New Jersey registration H23LRD pull into the parking lot of 139 Clinton Ave and park. This vehicle fit the description of the vehicle given by the C/I. Within a brief period an unknown older black female approached said vehicle and entered the passenger side. The operator at this time, described as a large unknown black male, wearing a grey hoodie and grey sweatpants, exited said vehicle and approached the trunk area. Said unknown black male, later identified as Tariq Echols, did then open the trunk and appeared to be **retrieving a brick** of heroin. Echols did then **rip open the brick** of heroin and removed items from same. This Detective immediately identified the brick of heroin through my training and prior experiences in the field of narcotics. Echols did then return the opened brick back into the truck area and closed same. While Echols walked back to the operator side of the vehicle, **he placed the unknown number of decks removed from the brick into his front sweatshirt pocket**. Echols entered said vehicle and began to exit the lot, South on Clinton Ave."

The officer's statement that he saw a 'brick' could not have been true. Since there was no reasonable suspicion to pull me over for any traffic violation, this entire stop was unlawful, and the subsequent search lacked any reasonable suspicion since a pat down of my person revealed nothing. Furthermore, a search of my trunk was not consensual due to the aforementioned facts and nature of the arrest.

19. All of the arresting officers were white, and the Plaintiff is African American.
20. The criminal charges were dismissed after the Court granted the Plaintiff's motion to suppress all evidence based on the facts set forth herein.
21. The Plaintiff was improperly incarcerated and suffered economic damages, personal damages, and other damages a result of same.

## COUNT ONE

22. The Plaintiff repeats and realleges each of the statements set forth above and incorporates same as if set forth at length herein.

23. The Defendants were negligent in their investigation and arrest.

24. As a direct and proximate cause of the negligence of the aforesaid Defendants, the Plaintiff has been caused to sustain serious permanent injuries, both internal and external; mental, physical and emotional damages; suffered great pain and will in the future continue to suffer great pain; was compelled to and will in the future be compelled to incur medical expenses and to expend large sums of money for payment of said medical expenses; may have lost time from his occupation; was prevented from and will in the future be prevented from performing and/or engaging in his every day activities and lifestyles; has suffered economic damages are a result of his injuries; and, sustained other damages that will be ascertained through the discovery process and at the time of trial.

WHEREFORE, Plaintiff demands judgment against the Defendants for damages, interest, costs of suit and any such other relief that may be deemed necessary by the Court.

## COUNT TWO

25. The Plaintiff repeats and realleges each of the statements set forth above and incorporate same as if set forth at length herein.

26. The acts of the Defendants were intentional based on the Defendant's race and/or skin color.

27. The Defendants violated the Plaintiff's Civil Rights.

28. The Plaintiff was improperly incarcerated.

29. As a result of the Defendants' conduct, the Plaintiff has been caused to sustain serious permanent injuries, both internal and external; mental, physical and emotional damages; suffered great pain and will in the future continue to suffer great pain; was compelled to and will in the future be compelled to incur medical expenses and to expend large sums of money for payment of said medical expenses; may have lost time from his occupation; was prevented from and will in the future be prevented from performing and/or engaging in his every day activities and lifestyles; has suffered economic damages are a result of his injuries; and, sustained other damages that will be ascertained through the discovery process and at the time of trial.

WHEREFORE, Plaintiff demands judgment against the Defendants for damages, punitive damages, interest, costs of suit and any such other relief that may be deemed necessary by the Court.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues raised in this Complaint.

### DESIGNATION OF TRIAL COUNSEL

F.R. "Chip" Dunne, III, Esq., is hereby designated as trial counsel on behalf of the plaintiff.

DUNNE, DUNNE & COHEN, LLC

*Chip Dunne*
_____
F.R. "Chip" Dunne, III, Esq.