<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TARIQ ECHOLS, | Civil Action No. 22-00206 (SDW)(JBC) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| UNITED STATES OF AMERICA, ESSEX COUNTY SHERIFF'S OFFICE, OFFICER ANTHONY PICCINNO, DET. SERGIO TAVERES, SCGT. CHRISTOPHER BOZIOS, | September 13, 2022 |
| Defendants. | |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant United States of America's ("Defendant") Motion to Dismiss (D.E. 16) Plaintiff Tariq Echols' ("Plaintiff") Complaint ((D.E. 1) ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6); and

**WHEREAS** on January 16, 2022, Plaintiff filed a two count Complaint against Defendants United States of America, Essex County Sheriff's Office, Officer Anthony Piccinno ("Officer Piccino"), Detective Sergio Taveres ("Det. Sergio"), and Sergeant Christopher Bozios ("Sgt. Bozios") alleging negligence (Count One) and intentional violation of civil rights (Count Two). (*See generally* Compl.)  The Complaint alleges that Plaintiff "was improperly arrested based on false statements made by Officer Anthony Piccino and/or other Government Officials/Officers." (Compl. at ¶ 1.)  Plaintiff alleges that law enforcement officers from the Essex County Sheriff's

1

Office "working with a Federal Task Force" stopped Plaintiff's vehicle and searched it without probable cause. (Compl. at ¶¶ 2, 4–16.) "After Plaintiff's improper arrest, he was prosecuted in Federal Court until the charges were ultimately dismissed." (Compl. at ¶ 2); and

**WHEREAS** Defendant moved to dismiss[1] the claims against it on grounds that: (1) this Court lacks subject-matter jurisdiction under Rule 12(b)(1) because Plaintiff failed to exhaust administrative remedies pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA") prior to filing this action and (2) sovereign immunity bars Plaintiff from asserting a constitutional claim against Defendant for damages pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and

**WHEREAS** Plaintiff asserted in his Opposition Brief that prior to filing this action, he complied with the requirements of the FTCA by placing all of the entities and parties on notice of the potential claim on March 29, 2021. (D.E. 26 at 9.) However, Plaintiff did not attach to his Opposition Brief a copy of the purported administrative tort claim. (D.E. 26–2.) Rather, Plaintiff provided a copy of the certified mail receipt and cover envelope that was allegedly mailed to the Executive Office of United States Attorneys ("EOUSA") on March 29, 2021. (D.E. 26-2); and

**WHEREAS** on August 16, 2022, the Court held oral argument on Defendant's Motion to Dismiss (D.E. 16.) Count Two of Plaintiff's Complaint for intentional violation of civil rights was dismissed and decision was reserved on Count One of Plaintiff's Complaint for negligence until after Plaintiff provided the Court and Defendant a copy of the administrative tort claim that Plaintiff asserted was presented to the EOUSA.[2] (*Id.*) On or about August 16, 2022, Plaintiff provided a copy of the alleged administrative tort claim to Defendant. (D.E. 30–1);

---

[1] All briefing was timely submitted. (D.E. 26, 27.)

[2] The Court Ordered Plaintiff's counsel to provide the additional information within ten (10) days. (D.E. 29.)

**WHEREAS** Defendant maintains that this Court lacks subject-matter jurisdiction over Plaintiff's negligence claim because Plaintiff failed to exhaust administrative remedies as required by the FTCA prior to filing suit.  (*See generally* D.E. 30.)  Defendant asserts that Plaintiff's administrative tort claim is insufficient under the FTCA, *inter alia*, because it does not place Defendant on notice of any potential claim against it; it fails to provide any information regarding federal involvement in the incident or any alleged negligent or tortious conduct committed by any federal actor; and the administrative tort claim appears to be a State of New Jersey form used to initiate a claim against New Jersey State agencies and employees.  (D.E. 30);

**WHEREAS** a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke subject-matter jurisdiction of the court because, for example, it does not present a question of federal law …" *Id.* at 358.  In contrast, a factual challenge "is an argument that there is no subject-matter jurisdiction because the facts of the case ... do not support the asserted jurisdiction." *Id.*  In analyzing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto ...." *Constitution Party of Pennsylvania*, 757 F.3d at 348 (citing *In re Schering Plough Corp. Intron*, 678 F.3d at 243).  Whereas in considering a factual challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Constitution Party of Pennsylvania*, 757 F.3d at 348.  Furthermore, in considering a factual challenge to subject matter jurisdiction, "the plaintiff's allegations enjoy no presumption of truthfulness, and [the plaintiff] bears the burden of establishing jurisdiction." *Meehan v. Taylor*, No. CIV. 12–4079, 2013 WL

3

4517943, at *2 (D.N.J. Aug. 26, 2013) (first citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); then citing *Mortensen v. First Fed. Sav. Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)); and

WHEREAS with the passage of the FTCA, Congress enacted a limited waiver of the sovereign immunity that the United States of America enjoys. *See White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA subjects the United States to liability for the tortious conduct of federal government employees occurring within the scope of employment and confers exclusive jurisdiction to the district courts to adjudicate such claims. *See* 28 U.S.C. §§ 1346(b), 2671 *et seq.* "It is axiomatic under the FTCA that a plaintiff must exhaust all administrative remedies by, *inter alia,* furnishing the offending agency with written notice of the claim, including a sum certain, prior to bringing suit." *Galicia v. United States*, Civ. No. 15-07077, 2015 WL 8513986, *3 (D.N.J. Dec. 11, 2015) (citing 28 U.S.C. § 2675(a)-(b)). Exhausting administrative remedies is a jurisdictional requirement and cannot be waived. *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir. 1971). "Failing to follow this procedure deprives federal courts of subject matter jurisdiction." *Abulkhair v. President of U.S.,* 494 F. App'x. 226, 229 (3d Cir. 2011). Importantly, the plaintiff bears the burden of demonstrating that he has properly exhausted all administrative remedies. *Bialowas,* 443 F.2d at 1048. District courts will not hesitate to dismiss the complaint where the plaintiff has failed to allege facts demonstrating exhaustion of all administrative remedies. *Galicia*, 2015 WL 8513986, at *3 (citing *D'Alessandro v. Equal Emp't Opportunity Comm'n,* 215 F. Supp. 2d 419, 422 (D. Del. 2002)); and

WHEREAS Plaintiff's negligence claim against Defendant falls within the scope of the limited waiver of sovereign immunity granted by the FTCA. *See* 28 U.S.C. § 1346(b)(1). As a result, Plaintiff was obligated to comply with the FTCA's strict procedural requirements, including

the requirement that Plaintiff properly present his administrative claim, in writing with a sum certain, to the appropriate federal agency before initiating an FTCA action.  *See Galicia*, 2015 WL 8513986, at *3.  Here, Plaintiff has failed to establish that an administrative tort claim was properly filed.  A review of Plaintiff's administrative tort claim reveals that it lacks sufficient notice of a potential tort claim against Defendant.  (D.E. 30–1.)  The administrative tort claim fails to identify any federal officer or official; federal involvement in the incident; or tortious conduct committed by a federal officer or official.   (*Id.*)  While Plaintiff provides the Court a copy of the certified mail receipt and cover envelope asserting that the administrative claim was mailed to the EOUSA, Plaintiff has not provided proof of service of the administrative claim.  (D.E. 26-2.)  Indeed, Plaintiff has failed to rebut Defendant's affidavits[3] advising that there is "no record" of an administrative claim being presented by Plaintiff.  (D.E. 16–2, 16–3.)  The FTCA is a limited waiver of sovereign immunity and, thus its jurisdictional requirements—including the burden it places on a plaintiff to exhaust administrative remedies before bringing an FTCA claim—must be strictly construed.  *See Hause v. United States*, 378 F. App'x 158, 159 (3d Cir. 2010).  Without more, Plaintiff has failed to establish that an administrative tort claim was properly filed pursuant to the FTCA.  Plaintiff's FTCA claim against Defendant must be dismissed.

Accordingly, for the reasons set forth above, Defendant's Motion to Dismiss (D.E. 16) is **GRANTED**.  Count One of Plaintiff's Complaint (Negligence) is **DISMISSED**.  An appropriate order follows.

_/s/ Susan D. Wigenton_
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     James B. Clark, III, U.S.M.J.

---

[3] Attached to its motion, Defendant submitted a Declaration of Elijah F. Jenkins, Supervisory Technical Support Specialist within the United States Department of Justice (D.E. 16–2) and Declaration of Jennifer Bryan, Senior Associate of the United States Marshals Service (D.E. 16–3).

Parties